Battle, J.
 

 We entertain a different opinion from that expressed by his Honor in the Court below, as to the sufficiency of the consideration, upon which the defendant’s promise was made. The contract entered into by the plaintiff, for the purchase of the defendant’s land, had been completely rescinded, and two or three months had elapsed, before the defendant agreed to return the money which he had received in part performance of the contract. The promise was, therefore, founded upon an executed or past consideration, and was, consequently, a
 
 nudwn pactwn: McDugald
 
 v. McFadgin, 6 Jones’ Rep., 89 ;
 
 Hatchell v.
 
 Odom, 2 Dev.
 
 &
 
 Bat. Rep., 302;
 
 Felton
 
 v.
 
 Reid,
 
 7 Jones’ Rep., 269. But the plaintiff’s counsel insists that the action for assumpsit for money had and received, is an equitable action, and that it is against equity and good conscience, for the defendant to keep this money.
 
 *499
 
 If the action could be supported upon that ground, it could be maintained as well without, as with, an express promise of the defendant to pay it. For instance, if one take nay horse and sell him, without my consent, and receive the price, I can sue him in assumpsit upon the count for. money had and received to my use, whether he has promised to pay me or not. The law, in such a case, will imply a promise to pay, not however solely upon the ground that it would be iniquitous in him to withhold the price from me, but because there is a consideration of loss to me which is sufficient to imply a promise from him to pay what justly belongs to me. The true test of a consideration, is to be found in the enquiry, whether there was any benefit to the party promising, or any loss or inconvenience to the other party when the promise was made; for if there were, the promise is binding, but if not, then it is a
 
 nudum pac/tum
 
 and' not binding. See
 
 Findlay
 
 v.
 
 Ray, 5
 
 Jones’ Rep., 125. In the present case, the contract for the purchase of the land having been fully and effectually rescinded by the delivering up of the papers on each side, the plaintiff lost nothing, and the defendant gained nothing, as the foundation of the defendant’s promise. It was, therefore, without a consideration and void. The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed*